Appeal from Municipal Court, Borough of Manhattan, Twelfth District.

Action by A. Delos Kneeland against Annie Hurdy. From a Municipal Court judgment in favor of plaintiff, defendant appeals. Reversed.

Argued before SCOTT, P. J., and GIEGERICH and GREENBAUM, JJ.

Solomon Brinn, for appellant.

A. Delos Kneeland (Charles R. Carruth, of counsel), for respondent.

GREENBAUM, J. The circumstances under which plaintiff claims that defendant agreed to pay him for his services as an attorney are rather peculiar. He claims that he went to court, at the request of the defendant's attorney of record in a divorce case in which she was plaintiff, for the purpose of taking a default therein, and that when he reached the court, and before acting in compliance with the request of the attorney who sent him, he told the defendant that she would be obliged to pay him $50 for the service that he was about to render, to which she assented. Not only does defendant emphatically deny such an arrangement, but she is supported in her denial by a witness who was in court upon the default, and who had been a student in the office of the defendant's attorney of record in the divorce case, and who was instrumental in bringing the case to said attorney. Defendant's attorney in the divorce action was called as a witness by plaintiff, who did not testify that when he asked plaintiff to go to court that he told plaintiff that defendant would pay him for his services, or that he had any authority from defendant to engage him; and although this witness testified that, when he accepted a retainer from the law student who brought him the case, he told him he would not try the case, yet he nevertheless admits that he was paid for trying the case.

To permit this judgment to stand would be to compel the defendant to pay two lawyers for the same service, when no previous understanding had been made with her as to the need of a second lawyer. It is undisputed that defendant had no knowledge of plaintiff's existence, nor of the fact that a strange lawyer was to appear for her, until she reached court, whither she had been requested to go by her own attorney. We think that justice requires a reversal of the judgment.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.

---

FOLEY v. FORTY-SECOND STREET, ST. N. AVE. & M. RY. CO.

(Supreme Court, Appellate Term. February 27, 1906.)

STREET RAILROADS—COLLISION WITH VEHICLE—NEGLIGENCE—EVIDENCE.
In an action against a street railroad company for injuries caused by a collision of a car with an automobile, evidence *held* sufficient to justify submission to the jury of the question of defendant's negligence.

Appeal from Municipal Court, Borough of Manhattan, Third District.

Action by John Foley, Jr., against the Forty-Second Street, St. Nicholas Ave. & Manhattanville Railway Company. Judgment for defendant, and plaintiff appeals. Reversed and remanded.

Argued before SCOTT, P. J., and GIEGERICH and GREEN-BAUM, JJ.

Wilcox & Green, for appellant.

William E. Weaver, for respondent.

PER CURIAM. Plaintiff and his witnesses testify that his automobile, while running up Broadway, parallel with, near to, but not on, defendant's track, was struck from behind by one of defendant's cars, going in the same direction as the machine. On a motion to dismiss inferences most favorable to plaintiff's case must be drawn, and it cannot be said from the facts developed that there was not evidence of defendant's negligence in failing to observe the automobile, which was running ahead of it for some distance so near the track as to make a collision inevitable if the car attempted to pass it.

If plaintiff's testimony be true, it was not negligence on his part to fail to look behind for approaching cars.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event.